# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| HILTON JOHNSON IV, )<br>aka ESSENCE JOHNSON, )<br>)<br>      Plaintiff, )<br>v. )  Case No. _____<br>)<br>CLUB DEMONSTRATION SERVICES, )<br>INC. and COSTCO WHOLESALE )<br>CORPORATION, )<br>)<br>      Defendants. ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446, Defendant Club Demonstration Services, Inc. ("CDS"), hereby removes to this Court the state court action described below. CDS removes this case on grounds of federal question and diversity jurisdiction under 28 U.S.C. §§ 1331, 1332 and 1441 and states the following in support of removal:

### PROCEDURAL POSTURE AND VENUE

1. Plaintiff Hilton Johnson IV a/k/a Essence Johnson ("Plaintiff") filed a *Petition for Damages* in the Circuit Court of Jackson County, Missouri, styled as *Hilton Johnson IV, aka Essence Johnson v. Club Demonstration Services, Inc. and Costco Wholesale Corporation,* Case No. 2316-CV06477 (the "State Court Action"), on March 1, 2023.

2. Plaintiff's *Petition for Damages* filed in the State Court Action asserts claims for discrimination on the basis of sex/gender, and retaliation in violation of the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.065, and Title VII of the Civil Rights Act of 1964 ("Title VII), 42 U.S.C. § 2000e, *et seq*.

1

3. Plaintiff served Defendant CDS, through its registered agent, with the Summons and a copy of the Petition in the State Court Action on March 9, 2023.

4. CDS is filing this Notice of Removal within thirty (30) days of service under Rule 6 of the Federal Rules of Civil Procedure. Thus, this Notice of Removal is timely filed under the provisions of 28 U.S.C. § 1446(b).

5. Defendant Costco Wholesale Corporation ("Costco") – the remaining Defendant – consents to this removal pursuant to 28 U.S.C. § 1446. A copy of Costco's written consent is attached hereto as **Exhibit A**.

6. The Circuit Court of Jackson County, Missouri is located within the Western District of Missouri. 28 U.S.C. § 105(b)(1). Thus, venue is proper in this Court because it is the "district and division embracing the place where such [state court] action is pending." 28 U.S.C. § 1441(a).

7. In accordance with 28 U.S.C. §1446(a) a copy of the entire court file in the State Court Action, including the docket sheet, all pleadings and papers that have been filed and served on all Defendants in the State Court Action, is attached to this Notice as **Exhibit B**.

**THIS COURT HAS ORIGINAL FEDERAL JURISDICTION OVER PLAINTIFF'S CLAIM**

8. The State Court Action may be removed to this Court pursuant to 28 U.S.C. § 1441 because this Court has original federal question jurisdiction under 28 U.S.C. § 1331 based upon federal question.

9. In her *Petition for Damages*, Plaintiff asserts claims against both CDS and Costco under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. (Exhibit B, *Petition*, Counts IV through VI). Accordingly, this Court has original federal question jurisdiction under 28 U.S.C. § 1331 because the claims contained the Petition are based on claims arising under the laws of the United States of America.

10. Plaintiff's Petition also asserts claims under the MHRA, but those claims are based on the same factual assertions and the claims are so related to the federal claims in this action that they are within this Court's original jurisdiction in that they form part of the same case or controversy under Article III of the Constitution. This Court, therefore, has supplemental jurisdiction of those claims pursuant to 28 U.S.C. § 1367(a).

11. Based on Plaintiff's Petition, Plaintiff's State Court Action is properly removed to this Court pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446.

## DIVERSITY OF CITIZENSHIP

12. The Court additionally has jurisdiction over this action pursuant to 28 U.S.C. § 1332 by reason of complete diversity between the parties.

13. Plaintiff is a resident and citizen of Missouri. (Exhibit B, *Petition*, ¶ 1).

14. CDS is, and was at the time this lawsuit was filed, a corporation formed under the laws of the State of Connecticut, with its principal place of business located in Irvine, California. (**Exhibit C**, Declaration of Bryce Weber , ¶¶ 5, 6). A corporation's citizenship is the corporation's state of incorporation and the state where the corporation's principal place of business is located. 28 U.S.C. § 1332(c)(1). Therefore, CDS is a citizen of the states of Connecticut and California.

15. Defendant Costco Wholesale Corporation is, and was at the time this lawsuit was filed, a corporation formed under the laws of the State of Washington, with its principal place of business located in Issaquah, Washington. (**Exhibit D**, Declaration of Sarah Rajski ¶¶ 5, 6). Therefore, Costco Wholesale Corporation is a citizen of the state of Washington. *See* 28 U.S.C. § 1332(c)(1).

16. Because Plaintiff is a citizen of Missouri and Defendants, collectively, are citizens of Connecticut, California, and Washington, complete diversity exists in this case.

17. The amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs. Although Plaintiff has stated only that she seeks damages "in an amount greater than $25,000," the amount in controversy is not left to the determination of the Plaintiff's pleading.

18. The standard for determining whether a plaintiff's claim meets the amount in controversy is "whether the fact finder might legally conclude" that a plaintiff's damages are greater than $75,000.00. *Quinn v. Kimble*, 228 F. Supp. 2d 1038, 1040 (E.D. Mo. 2002).

19. Courts will consider compensatory damages, punitive damages, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.00. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Co. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).

20. In the Petition, Plaintiff seeks "her actual, compensatory, statutory and punitive damages in an amount greater than $25,000," and "an award of attorneys' fees and litigation costs and expenses" for each of her six separate discrimination and retaliation claims brought under the MHRA and Title VII. (Exhibit B, *Petition*, Counts I–VI prayer for relief).

21. The Eighth Circuit expressly permits the Court to consider attorneys' fees in determining the amount in controversy. *Capital Indem. Corp*, 978 F.2d at 438. In this case, Plaintiff's counsel likely will seek to recover attorneys' fees of tens of thousands of dollars should Plaintiff prevail. *See, e.g., Waller*, 2017 WL 6731721, at *4; *Betton v. St. Louis Cty.*, 2010 WL 2025333, at *8 (E.D. Mo. May 19, 2010).

22. Plaintiff additionally seeks an award of punitive damages. If Plaintiff is successful, the potential recovery of punitive damages could, by itself, exceed the jurisdictional requirement for diversity jurisdiction. *See Diaz v. Autozoners, LLC*, 484 S.W.3d 64, 77 (Mo. Ct. App. 2015)

(allowing recovery of punitive damages under the MHRA); *Waller v. Blast Fitness Group, LLC*, 2017 WL 6731721, at *2 (E.D. Mo Dec. 29, 2017) (awarding $75,000 in punitive damages for MHRA violations, including sex harassment and retaliation).

23. In this lawsuit, Plaintiff is requesting economic damages, attorneys' fees and other costs, an award of punitive damages should she prevail on her claim, as well as pre- and post-judgment interest. Accordingly, CDS has established by a preponderance of the evidence that the amount in controversy in this action, inclusive of actual damages, and attorneys' fees, far exceeds $75,000.

WHEREFORE, for the above and foregoing reasons, Defendants hereby notify this Court, Plaintiff, and the Circuit Court of Jackson County, Missouri that the above-captioned matter, now pending against it in the Circuit Court of Jackson County, Missouri has been removed to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. § 1331, 1332 and 1441.

Respectfully submitted,

*/s/ Melody L. Rayl*
Melody L. Rayl    MO Bar 60362
Lydia M. Middleton   MO Bar 72937
**FISHER & PHILLIPS LLP**
4622 Pennsylvania Ave., Suite 910
Kansas City, MO 64112
TEL: (816) 842-8770
FAX: (816) 842-8767
Email: mrayl@fisherphillips.com
Email: lmiddleton@fisherphillips.com

ATTORNEYS FOR DEFENDANT CDS

## CERTIFICATE OF SERVICE

    The undersigned certifies that on this 7th day of April 2023, the above and foregoing was filed using the Court's EC/CMF System and will also be sent via electronic mail to the following counsel of record:

Garrett M. Hodes
HODES LAW FIRM, LLC
6 Victory Lane, Suite 6
Liberty, MO 64068
Phone: (816) 222-4338
Fax: (816) 931-1718
Email: garrett@hodeslawfirm.com

Attorney for Plaintiff

                                                          */s/ Melody L. Rayl*
                                                         ATTORNEY FOR DEFENDANT CDS